# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK BRETT, | : | CIVIL NO: 1:15-CV-02383 |
| | : | |
| Plaintiff, | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| DOUG BARGER, | : | |
| | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION

### I. Introduction.

After reviewing the complaint in accordance with 28 U.S.C. § 1915(e)(2), we were unable to conclude whether the complaint fails to state a claim upon which relief may be granted because the complaint, as a whole, is largely illegible and cannot be understood. Although we granted the plaintiff, Frank Brett ("Brett"), leave to amend the defective pleading, he failed to do so. Thus, we recommend that the Court dismiss the complaint and close the case.

## II. Background.

Brett, proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint, a motion for leave to proceed *in forma pauperis*, and a motion for leave to file the case under seal.  In his complaint, Brett identifies one defendant: "Doug Barger—Director Bethesda Mission."  *Doc. 2* at 1.  By an Order dated December 16, 2015, we granted Brett's application for leave to proceed *in forma pauperis*, we denied his motion for leave to file this case under seal, and because we determined that the complaint is largely illegible and cannot be understood, we granted Brett leave to file an amended complaint within 30 days of the date of our Order.  *See doc. 3*.  We warned Brett that if he failed to file an amended complaint, we would recommend that this case be dismissed.  *See id.* at 2.

## III. Discussion.

### A. Section 1915(e)(2) and Pleading Standards.

28 U.S.C. § 1915(e)(2) provides:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
(A) the allegation of poverty is untrue; or
(B) the action or appeal—
(i) is frivolous or malicious
(ii) fails to state a claim upon which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

Under § 1915(e)(2)(B)(ii), the court must assess whether a *pro se* complaint "fails to state a claim upon which relief may be granted."  This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  The statement required by Rule 8(a)(2) must give the defendant fair notice of what the plaintiff's claim is and of the grounds upon which it rests.  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Detailed factual allegations are not required, but more is required than labels, conclusions, and a formulaic recitation of the elements of a cause of action.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).  "A complaint has to 'show' such an entitlement with its facts."  *Id.*

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all well-pleaded factual allegations in the complaint, and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox*

3

*Rothschild, O'Brien & Frankel, Inc.*, 20 F.3d 1250, 1261 (3d Cir. 1994). A court, however, "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Following *Twombly* and *Iqbal*, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 675 & 679).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, "pro se litigants still must allege

4

sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).   Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions.   Rather, a *pro se* complaint must recite factual allegations that are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

### B. Brett's Complaint Fails to State a Claim Upon Which Relief Can be Granted.

Brett's complaint fails to satisfy the requirement of Rule 8(a)(2) that it set forth a "short and plain statement of the claim" and the requirement of Rule 8(d)(1) that "[e]ach allegation must be simple, concise, and direct."   Fed. R. Civ. P. 8(a)(2), (d)(1).   Although Brett's complaint broadly alleges that "Doug Barger violated the 1983 Civil Rights Act and 1st Amendment Rights to privacy," (*doc. 2* at 1), his complaint, as a whole, is composed of rambling, disconnected, and incomprehensible allegations. These allegations are presented without any coherence, making it virtually impossible to ascertain the legal and factual significance of his allegations.   Thus, because the true substance of his complaint is "well disguised," *see Tillio v. Spiess*, 441 F. App'x 109, 110 (3d Cir. 2011) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)) (quotation marks omitted), we find that Rule 8 warrants dismissal of Brett's complaint.   *See* Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 8(d)(1).

Although we firmly understand Brett's status as a *pro se* litigant, and our obligation to liberally construe his complaint, *see Erickson*, 551 U.S. at 94, Brett was cautioned in our previous Order that his failure to file an amended complaint would result in the Court's recommendation that this case be dismissed. *Doc. 3* at 2.[1]   Because Brett has failed to file an amended complaint, and has likewise failed to seek an extension of time to do so, we recommend that the Court dismiss this case pursuant to 28 U.S.C. § 1915(e)(2).   *See Moss v. United States*, 329 Fed. Appx. 335, 336 (3d Cir. 2009) (holding that when the plaintiff has been given an opportunity to meet the requirements of Rule 8(a), but has failed to do so, the district court may dismiss the complaint); *Binsack v. Lackawanna County Prison*, 438 F. App'x 158 (3d Cir. 2011) (holding that the district court's dismissal of a complaint, which "left the defendants having to guess what of the many things discussed constituted [a cause of action]," was proper under Rule 8).

---

[1] Brett was also generally instructed in our previous Order on how to cure the deficiencies in his complaint.   More specifically, we instructed Brett that his amended complaint should: "set forth his claims in short, concise, and plain statements, and in sequentially numbered paragraphs;" "name proper defendants, specify the offending actions taken by each defendant, [and] indicate the nature of the relief sought[.]"  *Id.* at 1-2 n.1.

## IV. Recommendation.

Based on the foregoing, **IT IS RECOMMENDED** that the complaint be dismissed and that the case file be **CLOSED**.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this **24th day** of **May, 2016**.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge